**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JANET L. STRAWN | § § § | |
| Plaintiff | § § | CASE NO. 6:20cv279 |
| vs. | § § | |
| CAC FINANCIAL CORP. | § § | |
| Defendant | § § | |

## SCHEDULING ORDER

The above-styled case has been referred to the undersigned. As such, pursuant to Federal Rule of Civil Procedure 16(b), the Court orders the parties to appear for a scheduling conference on August 20, 2020 at 2:00 p.m. Prior to the Scheduling Conference, the parties are required to comply with the following deadlines as set forth by the Federal Rules of Civil Procedure and the Local Rules of this Court:

| *Date* | **Requirement** |
|---|---|
| *7 days before Scheduling Conference* | **Initial Disclosures due.** Each party shall serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). |
| *21 days before Scheduling Conference* | **Parties to complete conference pursuant to Federal Rule of Civil Procedure 26(f).** |

In addition, the parties are to submit an agreed Docket Control Order, Discovery Order, Protective Order, and an ESI Order <u>taken from the undersigned's website</u> no later than **9:00 a.m. two business days prior to the date of the Scheduling Conference** (hereinafter the "Submission Deadline"). If the parties cannot agree to the terms of the Discovery Order, Docket Control Order,

and any issues related to ESI and/or Protective Order, the parties may submit their disputes by the Submission Deadline. In addition, by the Submission Deadline, the parties shall submit the name of an agreed mediator, or, in the alternative, competing proposals for mediators or a reason why this case would not benefit from mediation. Further, if Plaintiff intends to file additional related cases, it shall file a notice indicating as such by the Submission Deadline.

Any "notice of settlement" or "stipulation of dismissal" prior to the Scheduling Conference must also be filed with the Court no later than **9:00 a.m. two business days prior to the date of the Scheduling Conference in order to excuse attendance from the Scheduling Conference.** Notice of settlement or stipulation of dismissal consists solely of a joint motion filed on the Court's docket representing that the case has been fully resolved obviating the need for a Scheduling Conference. Phone calls or emails indicting that the parties have settled or are working toward settlement are insufficient to compel cancellation of the conference or for the parties to presume that they do not have to appear as ordered. **Failure to timely notify the Court of settlement or stipulation in the above stated manner will require attendance by all parties at the Scheduling Conference. In addition, only when the parties have received a cancellation notice from the Court may the parties conclude they are relieved of their obligation to attend.**

The following dates are set by this Order of the Court and shall be incorporated into the Docket Control Order:

| | |
|---|---|
| Dispositive Motion Deadline | May 21, 2021; |
| Pre-Trial Conference | September 2, 2021 at 9:30 a.m. before Judge John Love; and |
| Jury Selection/Trial | September 20, 2021 at 9:30 a.m. before Judge J. Campbell Barker |

Pursuant to Fed. R. Civ. P. Rule 16(b)(1)(B), the scheduling conference will be held in person and parties will not be allowed to appear by telephone. The Court does not require lead trial counsel to attend; however, counsel who is conversant in the case and has decision-making authority must attend the scheduling conference. The following topics will be discussed at the scheduling conference:

- The existence of related cases and the appropriateness of consolidation;

- Appropriate discovery limitations considering the case facts and likely value, including written discovery limits, deposition limits, the number of expert witnesses, and whether expert depositions should be authorized;

- Whether document production should proceed by request for production or mandatory disclosure;

- Clearly dispositive issues that warrant special scheduling;

- The appropriateness of an expedited trial, trial procedure, trial on limited issues, or a stipulation for post-trial mediation before the entry of judgment on the verdict;

- Any existing or likely discovery disputes; and

- Whether the parties consent to trial before a magistrate judge.

**So ORDERED and SIGNED this 21st day of July, 2020.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE