# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JANET L. STRAWN, § | |
| § | |
| § | CIVIL ACTION NO. 6:20-CV-00279-JCB |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| CAC FINANCIAL CORP., § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff initiated this civil action on May 22, 2020 alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.* (Doc. No. 1.) On August 10, 2020, Plaintiff's counsel, Joseph S. Davidson and Mohammed O. Badwan, filed an unopposed motion to withdraw as counsel stating that Plaintiff was no longer communicating with counsel despite numerous attempts to contact her. (Doc. No. 12.) The court deferred ruling on the motion and set it for a teleconference on August 20, 2020 to discuss the status of Plaintiff's representation in this case. (Doc. No. 13.) A copy of the Court's order was sent to Plaintiff's address of record and received by Plaintiff. (Doc. No. 13.) The Court held a hearing on the status of representation on August 20, 2020 and Plaintiff did not participate. (Doc. No. 14.) Accordingly, after further discussion with counsel during the hearing, the Court granted counsel's unopposed motion to withdraw as counsel of record in this action. (Doc. No. 15.) The Court further ordered that Plaintiff shall inform the Court as to whether

1

she has obtained new counsel or whether she intends to proceed with this case *pro se* within 30 days of receipt of the Court's order. *Id.* The Court warned that "[f]ailure to comply with this Order may result in dismissal of this action." *Id.* A copy of this order was sent to Plaintiff's address of record and received on September 3, 2020. (Doc. No. 17.) Since that time, more than 30 days have passed and Plaintiff has not filed a notice with the Court indicating how she'd like to proceed with this action. Plaintiff has filed no further communications with the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed.R.Civ.P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). In this case, it appears that Plaintiff has abandoned her civil action. She stopped communicating first with her attorneys who filed the case on her behalf, and after providing notice and an opportunity to proceed *pro se* in this action, Plaintiff has stopped communicating with the court and has failed to comply with an order of the Court.

Having not received any communication from Plaintiff and having failed to comply with an order of the Court, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute. Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 9th day of October, 2020.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE